**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG OCCHIONERO,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF FRESNO,<br><br>        Defendant - Appellee. | No. 08-16592<br><br>D.C. No. 1:05-cv-01184-LJO-SMS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges; and COLLINS, District Judge.[**]

Appellant Greg Occhionero (Occhionero) appeals the district court's grant of

summary judgment in favor of the City of Fresno (the City). Occhionero argues

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

that the City violated his constitutional rights to due process and free speech when Israel Trejo (Trejo), a city planner, seized Occhionero's stored property while summarily abating a nuisance.

**1.** To survive summary judgment, a plaintiff alleging a First Amendment retaliation claim must produce evidence that the governmental actor had knowledge of his protected speech. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 901 (9th Cir. 2008). Occhionero's only evidence that Trejo was aware of Occhionero's protected speech is an e-mail sent by the City's tax department to other city officials inquiring into whether Occhionero was in compliance with building and fire regulations. The e-mail did not contain any reference to Occhionero's protected speech and was not sent to Trejo or anyone in his department. In his deposition Trejo affirmatively denied any knowledge of Occhionero's previous comments to City officials. Because Occhionero failed to offer evidence that Trejo knew of his speech, summary judgment in favor of the City on this claim was appropriate. *See Keyser v. Sacramento City Unified School District.*, 265 F.3d 741, 750-51 (9th Cir. 2001), *as amended* (concluding that summary judgment was appropriate where "there [was] no evidence in the record

2

to contradict [the actor's] statement in his declaration that he was unaware [of the speech].")

**2.**     Contrary to Occhionero's assertion, the district court did not err in rejecting his due process claim.  In his complaint, Occhionero explicitly tethered his due process claim to the City's alleged retaliatory animus.  As Occhionero failed to present evidence of a retaliatory animus, his due process claim necessarily fails.

**3.**     Because Occhionero asserted no viable constitutional claims, we need not address whether the City would have been liable for Trejo's actions under *Monell v. New York City Dept't of Soc. Servs.*, 436 U.S. 658 (1978).

**AFFIRMED.**